## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

GARY KIRCHNER,              )
                             )
          Plaintiff,       )
                             )
      v.                   )     No. 4:24-CV-206 HEA
                             )
ALBANIA, LLC,           )
                             )
          Defendant.    )

## <ins>OPINION, MEMORANDUM AND ORDER</ins>

This matter is before the Court on Defendant Albania LLC's Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendant also moves for attorneys' fees pursuant to 42 U.S.C. § 12205. Plaintiff opposes the motion, which is ripe for review as Defendant did not file a reply memorandum, and the time to do so has expired. For the following reasons, the Court denies Defendant's Motion to Dismiss.

### *Background*

Plaintiff Gary Kirchner brings suit against Albania LLC ("Albania") for violations under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.* Plaintiff alleges that Albania is the owner or co-owner of the property upon which the Arber Café is located. Plaintiff further alleges that he is a qualified individual with a disability under the ADA, and that he uses a wheelchair

for mobility purposes.    Plaintiff avers that he lives one mile from the Arber Café, and that he has attempted to be a customer of the restaurant but was unable to gain access due to barriers.    Plaintiff attached to his Complaint a photograph of the property that shows a raised curb or threshold at the entry to the front door.    No wheelchair ramp is visible in the photograph.    Despite the barrier, Plaintiff does allege that he has visited the Arber Café three times, but his friends had to carry him and his wheelchair into the restaurant, and because of this, "Plaintiff was exposed to the anxiety caused by the significant danger of being dropped and also exposed to personal embarrassment."    (ECF No. 1 at 3).    Plaintiff alleges that he intends to revisit the Arber Café within six months after barriers are removed.

There are also allegations in the Complaint that in addition to being a customer, Plaintiff is an advocate for disability rights and a "'tester" for the purpose of "enforcing Plaintiff's civil rights, monitoring, determining, and ensuring whether places of public accommodation are in compliance with the ADA."   (*Id.* at 2).

Plaintiff brings one Count against Albania for declaratory and injunctive relief.    Plaintiff asks the Court to: (1) find Albania in violation of the ADA; (2) enjoin Albana from continuing its discriminatory practices; (3) issue an order requiring Albania to remove physical barriers to access and alter the property to

2

make it readily accessible to and usable by individuals with disabilities.   Plaintiff also seeks reasonable attorney's fees and costs.

In its motion to dismiss for lack of subject matter jurisdiction, Albania argues that Plaintiff lacks Article III standing.   Defendant argues that Plaintiff is a self-proclaimed "tester" and has attempted to fabricate standing using generic allegations, but that he is unable to show any likelihood of future injury because he has not shown any sincere intent to return to the property.   In support of its argument, Albania points to the fact that Plaintiff is a "serial ADA plaintiff," who has filed numerous ADA lawsuits.   (ECF No. 10 at 14).

## *Discussion*

### A. Factual Challenge to Subject Matter Jurisdiction.

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may either be a "facial" or "factual" attack." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015). A facial attack challenges subject matter jurisdiction based on the allegations in the complaint and in deciding the motion, the Court presumes all of the factual allegations in the complaint are true.   *Titus v. Sullivan*, 4 F.3d 590, 593 & n.1 (8th Cir. 1993).   Factual attacks, on the other hand, challenge subject matter jurisdiction irrespective of the allegations in the complaint. Under a factual challenge, "no presumptive truthfulness attaches to plaintiff's

allegations," and the plaintiff bears the burden to prove that subject matter jurisdiction does in fact exist.   *Id.*

In support of its motion to dismiss challenging standing, Albania filed with the Court a declaration signed by attorney Matthew Suddarth, who attests that Plaintiff has filed 28 ADA lawsuits in this District from November 17, 2022, to May 4, 2024, the majority of which settled.   Mr. Suddarth also attests that Plaintiff's counsel has been involved with approximately 1,966 ADA lawsuits.   (ECF No. 11 at 3).

In response, Plaintiff filed a declaration that he signed under penalty of perjury.   The declaration tracks the allegations in the Complaint, although Plaintiff attests that he attempted to visit the property on one more occasion but was unable to do so because of the raised barrier in front of the entrance door. Plaintiff attached to his declaration additional photographs of the property, including "selfies" that show Plaintiff outside the property.   Defendant did not respond to Plaintiff's declaration or submit any evidence to dispute the facts contained therein.

**B. Standing under the ADA.**

Title III of the ADA prohibits discrimination against persons with disabilities in places of public accommodation.   42 U.S.C. § 12182(a).   Discrimination includes "a failure to remove architectural barriers, and communication barriers that

are structural in nature, in existing facilities. . . where such removal is readily achievable."  42 U.S.C. § 12182(b)(2)(A)(iv).   The ADA provides a private right of action for injunctive relief to "any person who is being subjected to discrimination on the basis of disability."   42 U.S.C. § 12188(a)(1).

Although there is a federal statute prohibiting disability discrimination, each plaintiff in a federal suit must meet the threshold requirement of standing.   *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016).   Federal courts are only authorized to hear cases or controversies that present actual imminent injury, which is caused by the named defendants, and can be redressed by a favorable decision.   *Id.*   These requirements have been established as the constitutional minimum to ensure that federal courts adjudicate real disputes and not hypothetical or abstract claims.   Standing is jurisdictional and a threshold issue in every federal case.   *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Disability Support All. v. Heartwood Enterprises, LLC*, 885 F.3d 543, 547 (8th Cir. 2018).

Plaintiff, as the party invoking federal jurisdiction, bears the burden of demonstrating the following: (1) that he suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendants, and (3) that is likely to be redressed by a favorable judicial decision.   *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992); *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 833–34

(8th Cir. 2009). To establish injury in fact, Plaintiff must show that he "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc.*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 560).

Specifically, as applied to standing to seek injunctive relief under Title III, Plaintiff must show that the architectural barriers at issue caused Plaintiff actual injury at the time he commenced the action, and that he would visit the building if the barriers were removed. *Disability Support Alliance*, 885 F.3d at 546–47. Plaintiff "need not engage in the futile gesture of visiting a building containing known barriers that the owner has no intention of remedying," but he must show a knowledge of the barriers and that he "would visit the building in the imminent future but for those barriers." *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000). *Compare Dalton v. JJSC Properties, LLC*, 967 F.3d 909, 913 (8th Cir. 2020) (holding the plaintiff lacked standing to bring a Title III "slopes and routes claim" against the defendant gas station because plaintiff did not leave his van, and he did not allege or provide any evidence showing that he intended to patronize the station in the imminent future).

Here, Plaintiff provided evidence that he visited the property at issue on more than one occasion and experienced serious difficulties accessing entry to the Arber

Café due to architectural barriers.    On three occasions friends carried him into the restaurant in order to gain access, and on two other occasions he was denied entrance because he was alone. Plaintiff further attests that he lives approximately a mile away from the Arber Café, that he drives his own vehicle and is active in the community, and that he intends to return as a customer within six months once barriers to access are removed.

Applying Eighth Circuit law to the facts of this case, the Court finds Plaintiff has shown a credible, particularized, and concrete intention to return to the Arber Café that is more than "[a] mere intent to return to the place of injury 'someday' . . . ." *Disability Support Alliance*, 885 F.3d at 547; *Steger*, 228 F.3d at 893 (citing *Lujan*, 504 U.S. at 564).    The Court, therefore, finds Plaintiff has established that he has standing to bring his claims.

Defendant argues that the Court must evaluate Plaintiff's intent to return by applying a list of factors that include: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) plaintiff's frequency of travel near defendant." (ECF No. 10 at 9) (citing *Steelman v. Rib Crib No. 18*, No. 11-3433-CV-S-RED, 2012 WL 4026686, at *2 (W.D. Mo. Sept. 12, 2012), *Brown v. Grandmother's, Inc.*, No. 4:09CV3088, 2010 WL 611002 (D. Neb.

7

Feb. 17, 2010)).  The Eighth Circuit has not adopted these factors as a test for standing in Title III cases.  It holds plaintiffs to a less burdensome standard to survive a challenge to standing.  *Disability Support Alliance*, 885 F.3d at 547; *Steger*, 228 F.3d at 892.  But even if the Court were to apply these four factors here, Plaintiff has established he has a concrete intent to return to the property and, therefore, has standing.  Plaintiff lives in very close proximity to the property, drives his own vehicle, and is an active individual, and he has visited or attempted to visit the Arber Café numerous times.

Defendant also argues that Plaintiff lacks credibility and points to the fact that he has filed 28 ADA lawsuits challenging accessibility.  Defendant contends that it is "highly unlikely" that Plaintiff has concrete plans to return to all of these properties.  The fact Plaintiff is a disability advocate and has filed 28 ADA accessibility lawsuits does not negate the fact that he is a member of the community who, like many people, enjoys visiting restaurants near his home.  The Court finds Plaintiff has shown there is a likelihood of future harm in this case because Plaintiff has a concrete intent to return to the property at issue.

Defendant's motion to dismiss for lack of standing is denied. The Court finds Plaintiff has standing to bring claims against Albania under Title III of the ADA.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Albania LLC's motion to dismiss for lack of subject matter jurisdiction is **DENIED.**     [Doc. 9]

Dated this 15th day of January, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE